land at the present day, and most of the states of the Union have virtually adopted the rule as laid down in Swift v. Tyson, In Georgia, Gibson v. Connor, 3 Kelly. 47, expressly decides that taking such paper as collateral security for a prior debt, is sufficient to shut out equitable defenses. See, also, Reddick v. Jones, 6 Ired. 107; Allaire v. Hartshorne, 1 Zab. [21 N. J. Law] 665; Chicopee Bank v. Chapin, 8 Metc. [Mass.] 40; 3 Kent. Comm. 96; Allen v. King [Case No. 226].

We think that we are justified by the authorities cited, in holding that whether or not Jewett & Sons received the bill in question in absolute discharge of their debt, or as a security merely, they are holders for value. Were they bona fide holders without notice? On this point there can be no doubt. It is true that they knew that Hone was an accommodation acceptor, but the paper was transferred to them to accomplish the very purpose Hone had in view in making the acceptance. They are now only calling upon Hone to do what he agreed to do when he put his name upon the bill. To say that because Hone received no consideration from Christol & Struthers for the acceptance, and that plaintiffs knew the fact, does not release Hone, for as we have seen, the plaintiffs took the bill for value. To hold that because Hone was an accommodation acceptor, and the plaintiffs knew it, therefore the bill is not good, would be to strike a fatal blow at all discounts of negotiable securities for preexisting debts. upon such a doctrine, what would become of that large class of cases where new notes are given by the same or other parties by way of renewal or security to banks, in lieu of old securities discounted by them, which have arrived at maturity?

We are of opinion, therefore, upon the whole case, that the evidence offered to sustain the defense can be of no avail, and we therefore sustain the motion to exclude it from the jury.

## Case No. 7,312.

JEWETT v. LEAVENWORTH COUNTY.

## Case No. 7,313.

The J. F. FARLAN.

[3 Ben. 206.] 1

District Court, S. D. New York. April, 1869.2

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
2 [Affirmed in Case No. 7,314.]